FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

97 JUL -9 PM 3: 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| ROY STEVEN GODFREY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 96-L-2837-NE |
| BLUE CROSS BLUE SHIELD OF ALABAMA; TELEDYNE ADVANCED MATERIALS GROUP HEALTH CARE PLAN, an ERISA benefits plan; TELEDYNE ADVANCED MATERIALS, as administrator of the Teledyne Advanced Materials Group Health Care Plan, | ) | |
| Defendants. | ) | |

ENTERED

JUL 9 1997

### MEMORANDUM OPINION

I.  Introduction

Currently pending before this court are Blue Cross and Blue Shield of Alabama's motion for summary judgment and the joinder in the motion for summary judgment filed by Teledyne Advanced Materials Group Health Care Plan and Teledyne Advanced Materials as Administrator of the Teledyne Advanced Materials Group Health Care Plan.

II.  Undisputed Material Facts

For purposes of deciding the pending motions for summary

1



judgment, the parties have stipulated to the following facts:

Effective August 1, 1995, plaintiff Roy Godfrey was covered under a self-funded group health benefits plan sponsored by his employer, Teledyne Advanced Materials ("Teledyne"). The plan is a self-funded plan, meaning that claims are paid out of the assets of Teledyne. Blue Cross serves as the claims administrator of the plan pursuant to an Administrative Services Agreement between Blue Cross and Teledyne.

On August 1, 1995, the day that plaintiff became eligible for benefits under the plan, he went to see Dr. William English, his family physician. Dr. English's medical records for that visit state that plaintiff complained of a sore throat and hoarseness of one year's duration. Dr. English was concerned that plaintiff might be suffering from cancer of the throat and referred him to Dr. McKinley Teachey. On August 16, 1995, Dr. Teachey performed a laryngoscopy, in which a tissue sample was taken from plaintiff's throat for a biopsy. The biopsy indicated that he was suffering from cancer in his throat. Dr. Teachey referred plaintiff to Dr. Dennis Olive for radiation treatment for this condition.

Under the terms of the plan, there was a nine-month waiting period before benefits could be paid for preexisting conditions. The plan's preexisting condition clause provides:

> Each member ... must serve a waiting period of 270 consecutive days before benefits for "pre-existing conditions" are available under this contract. The 270 day waiting period begins with the subscriber's or dependent's effective date.... To be entitled to benefits under the contract, the entire 270 day waiting period must be served before the member receives services or supplies or is admitted to the hospital for pre-

2

existing conditions.

> A "pre-existing condition" includes any condition (including pregnancy), disease, disorder, or ailment (including those present at birth) either (a) which existed on or before the effective date of the member, whether or not its existence was then known or manifested, (b) for which there was any medical or surgical treatment, advice, or diagnosis within one year prior to the effective date of the member, or (c) is the result of treatment or is a complication arising in the course of treatment of a condition in (a) or (b) prior to the expiration of the waiting period. For example, if a member is hospitalized because of a pre-existing condition before the waiting period has expired and the member develops decubitus ulcers in the course of the hospitalization, neither the hospitalization stay nor treatment for the decubitus ulcers would be covered.

On February 8, 1996, Blue Cross notified Mr. Godfrey and his medical providers that it had denied the majority of Mr. Godfrey's claims as being related to a preexisting condition.

The plan provision upon which Blue Cross relies as conferring discretion upon Blue Cross to interpret the plan *sub judice* states:

> By submitting a claim for benefits, you agree that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary and capricious will be final. All such determinations by Blue Cross will be subject to review. For example, if Blue Cross makes a decision that it is reasonable and not arbitrary and capricious that surgery is "cosmetic surgery" or that services were not "medically necessary," its decision will be final.

## III. Procedural History

On September 26, 1996, plaintiff filed suit against Blue Cross in the Circuit Court of Madison County, Alabama. Plaintiff's complaint was served on Blue Cross on September 30, 1996. Blue Cross removed the case to this court on October 30, 1996. Blue

Cross asserted that the complaint alleged claims over which this court had jurisdiction by virtue of the Employee Retirement Income Security Act of 1974 ("ERISA").

In its original form, plaintiff's complaint contained both claims under ERISA for benefits and under state law for fraudulent misrepresentation, bad faith, and fraudulent suppression. On November 5, 1996, this court entered an order that plaintiff's jury demand and claim for punitive damages were stricken since they were preempted by ERISA. On January 6, 1997, this court entered an order dismissing the counts of plaintiff's complaint which contained state-law claims. On January 23, 1997, plaintiff, having been granted leave by this court, filed an amended complaint alleging claims under ERISA for benefits, equitable estoppel, and breach of fiduciary duty. The complaint included as additional defendants Teledyne Advanced Materials Group Health Care Plan and Teledyne Advanced Materials, as administrator of this plan.

Defendants filed the motion for summary judgment and joinder therein on May 30, 1997.

### IV. Motion for summary judgment

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama</u>, 941 F.2d 1428, 1437

4

(11th Cir. 1991). As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has properly stated a claim under which he can recover.

### A.   Plaintiff's claim for benefits

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989).

The Eleventh Circuit has held that the arbitrary and capricious standard of review applied to a Blue Cross policy which stated, "As a condition precedent to coverage, it is agreed that whenever [Blue Cross] makes reasonable determinations which are not arbitrary and capricious in the administration of the [plan] ..., such determinations shall be final and conclusive." <u>Lee v. Blue Cross/Blue Shield of Alabama</u>, 10 F.3d 1547, 1549-50 (11th Cir. 1994); <u>Brown v. Blue Cross and Blue Shield of Alabama, Inc.</u>, 898 F.2d 1556, 1559 (11th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1040 (1991). Similarly, the plan <u>sub judice</u> states, "By submitting a claim for benefits, you agree that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary and capricious will be final." While this passage is not identical to those which have been held to

5

confer arbitrary and capricious review, the gist is the same. Thus, plaintiff's claim for benefits is subject to review under the arbitrary and capricious standard when examining both findings of fact and plan interpretations. See Buckley v. Metropolitan Life, No. 96-6125, 1997 WL 307004, at *4 (11th Cir. June 24, 1997)(stating that the same Firestone-based standards of review apply to factual findings as well as plan interpretations).

    The arbitrary and capricious standard requires the court to look only to the facts known to Blue Cross at the time the decision was made to deny coverage of plaintiff. Lee, 10 F.3d at 1550; Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989). First, the court must determine if plaintiff has proposed a sound interpretation of the plan to rival Blue Cross' interpretation. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1481 (11th Cir.), cert. denied, 115 S. Ct. 2002 (1995); Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. If the claimant has established a reasonable interpretation, the court must determine whether Blue Cross was arbitrary and capricious in adopting a different interpretation. Florence Nightingale, 41 F.3d at 1481; Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. "A wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary ... unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." Lee, 10 F.3d at 1550 (quoting

6

Brown, 898 F.2d at 1566-67.

Plaintiff reads the preexisting condition definition as prohibiting payment when both (a) and (b) are satisfied, or when (c) is satisfied. In support of this, plaintiff asserts that it is standard to use "either/or" when referring to one of only two possibilities, that the words "for which" in clause (b) make it modify clause (a), and that the "or" preceding clause (c) causes it to be the second of the two possibilities suggested by "either/or".

Blue Cross interprets this definition to mean that if (a), (b), or (c) applies, then the condition is preexisting and coverage is not provided by the plan. In the case sub judice, Blue Cross determined that, although clauses (b) and (c) did not apply, clause (a) did apply. Thus Blue Cross determined that plaintiff's cancer was a preexisting condition for which coverage was not available.

Plaintiff's interpretation of the definition is incorrect. Clause (b) (a condition for which there was treatment or diagnosis within one year before the effective date) includes within it clause (a) (a condition which existed on or before the effective date). That is, if there is treatment within one year then the condition must have existed before the effective date. If clauses (a) and (b) were meant to be read together, as plaintiff proposes, then clause (a) would be redundant and meaningless. The only way to give some effect to clause (a) is to read it as a possibility separate from clause (b). Blue Cross was not arbitrary and capricious when it interpreted the plan differently from the

7

illogical and incorrect interpretation put forth by plaintiff. Defendants' motions for summary judgment as to plaintiff's claim for benefits will be granted.

### B. Plaintiff's claims for equitable estoppel and breach of fiduciary duty

In his Brief in Opposition to Defendants' Motion for Summary Judgment, plaintiff has stated that he "does not oppose the defendant's motion as it relates to Counts II through V of his Complaint." Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment at 1 n.1. Counts II through V contain claims for equitable estoppel and breach of fiduciary duty. Thus the motions for summary judgment will be granted as to plaintiff's claims for equitable estoppel and breach of fiduciary duty.

### V. Conclusion

Plaintiff's complaint contains claims for benefits due, equitable estoppel, and breach of fiduciary duty. Summary judgment is appropriate as to each of plaintiff's claims. Thus, as established above and set out in the accompanying order, this court is today granting the defendants' motions for summary judgment.

DONE this 9th day of July 1997.

_Seybourn H. Lynne_
SENIOR JUDGE

8